IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERRY GENE VANDERFORD,
    Plaintiff,

vs.                                                  Case No. 3:11cv17/WS/EMT

R. TIFFT, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on January 9, 2011, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

    Plaintiff names the following individuals as Defendants in this case, all of whom were employed at the Santa Rosa Correctional Institution ("SRCI") at the time of the events giving rise to this action: Warden R. Tifft, and two supervisors of laundry services, R. Earnest and V. Harrison (Doc. 1 at 1–2). Plaintiff alleges he was denied laundry services for fifty-four (54) days, resulting in his being forced to wear the same clothing and sleep on the same bed sheets during that period (*id.* at 5–6). Plaintiff states he contracted a severe, painful staph infection on his legs as a result of the denial of laundry services (*id.* at 6). He states he has been receiving medical treatment for the infection for the past thirty (30) days, including antibiotics, weekly medical examinations, and routine follow-up care (*id.*). He states a nurse told him that the infection was caused by wearing dirty clothing and lack of proper hygiene (*id.*). Plaintiff contends the denial of laundry services constituted cruel and unusual punishment under the Eighth Amendment (*id.* at 6–7). As relief, he seeks compensatory damages in the amount of $50,000.00 from each Defendant for physical and emotional injuries (*id.* at 7).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice of two cases previously filed by Plaintiff in the United States District Court for the Southern District of Florida, Vanderford v. McNeil, Case No. 2:08cv14108/DLG and Vanderford v. Burke, Case No. 2:08cv14207/DLG, and one case filed in the Northern District of Florida, Vanderford v. McNeil, Case No. 3:10cv469/MCR/MD, all of which have been previously dismissed by the district court for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Plaintiff was incarcerated at the time of filing each of those cases.

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement. Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and is thus entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded

---

[1] The inmate number of the plaintiff in those cases (#B-094673) is the same as Plaintiff's.

in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Plaintiff has not shown that this past incident presents an existing threat of serious physical injury to him; and he acknowledges that he has been receiving medical treatment for the infection for thirty days. Even if Plaintiff was exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute. *See* <u>Medberry</u>, 185 F.3d at 1193. Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Case No: 3:11cv17/WS/EMT

Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be **DISMISSED without prejudice** to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 26th day of January 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**